**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fareed SHABBAR, also known as
Fareed Bitar, Mustafa L. Bitar,
Defendant–Appellant.**

No. 00–6132.

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2001.

Before NORRIS and BATCHELDER, Circuit Judges; GWIN, District Judge.*

Fareed Shabbar, represented by counsel, appeals from his judgment of conviction and sentence. The parties have ex-

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

pressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In April 2000, a jury found Shabbar guilty of unlawfully possessing a counterfeit federal reserve note in violation of 18 U.S .C. § 514, and of falsely claiming to be a United States citizen in violation of 18 U.S.C. § 911. The district court sentenced Shabbar to a total of thirty-six months of imprisonment. Shabbar has filed a timely appeal, arguing that there was insufficient evidence to support his § 514 conviction.

Upon review, we conclude that there was ample evidence to support Shabbar's conviction. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This court draws all available inferences and resolves all issues of credibility in favor of the verdict. *United States v. Jones,* 102 F.3d 804, 807 (6th Cir.1996). In assessing the sufficiency of the evidence, the court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995). The record does not indicate that Shabbar moved for a judgment of acquittal; hence, the court reviews the record to determine whether plain error resulted in manifest injustice. *United States v. Cox,* 957 F.2d 264, 265 (6th Cir.1992).

The government presented sufficient evidence to support Shabbar's conviction for knowingly possessing counterfeit federal reserve notes. Intent may be proven through circumstantial evidence, including by showing that defendant made misrepresentations to the victim(s) with knowledge that the statements were false. *United States v. Smith,* 133 F.3d 737, 743 (10th Cir.1997). A defendant's knowledge may be inferred if the jury finds that a defendant deliberately ignored that which

was obvious. *United States v. Hoffman,* 918 F.2d 44, 46 (6th Cir.1990).

The government presented ample evidence that Shabbar knew or should have known that the notes that he possessed were not authentic. The government established that Shabbar was soliciting investments in notes of $100 and $500 million dollar denominations. Agent Dotson testified that a cursory examination of the notes indicated that they lacked authenticity. In addition, although Shabbar had identified several people who could verify his good faith belief that the notes were authentic, only people associated with Shabbar had actually expressed an opinion that the notes were authentic. Indeed, most of the people identified by Shabbar testified that they had advised Shabbar that they did not believe that the notes were authentic. One of Shabbar's intended victims (Serge Kislinski) testified that he sent a photocopy of one of the notes to a representative of the Federal Reserve Bank, that the representative informed him that the notes were fraudulent, and that Kislinski communicated this fact to Shabbar by telephone. Finally, agent Dotson testified that, at the time of his arrest, Shabbar was in possession of a facsimile communication advising him that the notes were not backed by the federal government and that they had no value.

Shabbar maintains that despite the above evidence, there was insufficient evidence that he "knew" that the notes were counterfeit, because Shabbar possessed several documents which purported to authenticate the notes, and because there was testimony that Nichols (who had supplied Shabbar with the notes) had informed Shabbar that the notes were authentic.

Shabbar's conviction is valid. There was ample evidence to permit the jury to reject

Shabbar's claim of good faith and find that he knew or had reason to know that the notes were counterfeit. Although the record contains some evidence that might have led to the inference that Shabbar was "duped," this court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury. *Jackson,* 55 F.3d at 1225.

Accordingly, we affirm the judgment of conviction and sentence.